# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

No. 00-4778

RODNEY BAXTER,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-00-70-CCB)

Submitted: May 31, 2001

Decided: June 19, 2001

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Beth Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Donna C. Sanger, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Baxter seeks to appeal his conviction and sentence, imposed pursuant to his guilty plea, for being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West 2000). Although Baxter pled guilty to the offense, he reserved the right to appeal the district court's denial of his motion to suppress the firearm. On appeal, Baxter contends that the firearm was the fruit of an unlawful search and, therefore, should have been suppressed. We disagree. Finding no error, we affirm Baxter's conviction and sentence.

In evaluating Fourth Amendment claims, there is a threshold question of whether a seizure even occurred. *United States v. Wilson*, 953 F.2d 116, 120 (4th Cir. 1991). "Only if a seizure took place does the Fourth Amendment come into play." *Id.* Whether a seizure occurred depends on the totality of the circumstances. *Wilson*, 953 F.2d at 121. Two determinations must be made. The court must first determine whether there was a sufficient show of authority from police that a reasonable person would not have felt free to leave. *Id.* at 122. If the court concludes that there was such a show of authority, the court must then consider whether the defendant submitted to the authority. *Wilson*, 953 F.2d at 122; *United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993).

For purposes of this appeal, we assume, without deciding, that the officers' pursuit of Baxter constituted a sufficient show of authority to satisfy the first inquiry. *See California v. Hodari D.*, 499 U.S. 621, 625-26 (1991). We proceed, therefore, to consider whether Baxter submitted to the show of authority.

In order to constitute submission, "the suspect must clearly acquiesce to the officer's show of authority." *United States v. Letsinger*, 93 F.3d 140, 145 (4th Cir. 1996). And it must be the official show of authority that produces the suspect's acquiescence. *See Hodari D.*, 499 U.S. at 628 (discussing *Broyer v. Inyo County*, 489 U.S. 593, 596 (1989)); *Lender*, 985 F.2d at 154-55.

In this case, Baxter did not clearly acquiesce to the official show of authority. The facts indicate, and Baxter does not dispute, that during the pursuit, Baxter slipped on a patch of ice and fell. Officer Wojcik then slipped and fell on top of Baxter. Thus, it was the ice, and not the show of authority, that produced Baxter's stop. Moreover, what this court said of the defendant in *Lender* is equally applicable to this case: "Under the circumstances it cannot be said that the defendant had yielded, and therefore been seized, before the gun fell into the plain view of the officers." *Lender*, 985 F.2d at 155.

Accordingly, we find meritless Baxter's claim that the firearm was the fruit of an unlawful search. We therefore affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*